**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**LOTUS N. GATES**

Debtor.

**APPLICATION**

**CASE #: 16-23721-cgm**

**CHAPTER 13**

**APPLICATION FOR RELIEF FROM AUTOMATIC STAY**

To:  Honorable Cecelia G. Morris
U.S. Bankruptcy Judge

The Application of Wells Fargo Bank, N.A. as servicing agent for Bank of America, N.A. ("Secured Creditor") respectfully shows

1.  Secured Creditor is the holder of a Note executed by Lotus N. Gates ("Debtor") dated May 26, 2004 in the original amount of $243,000.00 and secured by a mortgage, executed by Debtor and James A. Gates, which was duly recorded in the Rockland County Clerk's Office on June 4, 2004 at Instrument Number 2004-00036345 ("Mortgage") covering the premises commonly known as 5 Birch Street, Monsey, NY 10952 (the "Subject Property"). Said Mortgage was assigned by a Corporate Assignment of Mortgage executed on April 3, 2012 and recorded in the Rockland County Clerk's Office on April 6, 2012 at Instrument Number 2012-00012447. Said mortgage was modified by a Loan Modification Agreement dated January 5, 2010 executed by Debtor. Said Modification Agreement increases the principal balance of the debt to $229,768.79. The capitalized amount is $5,376.10. A copy of the Note, Recorded Mortgage, Corporate Assignment of Mortgage, and Loan Modification Agreement is annexed hereto as Exhibit "A".

103268-10

2.	Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

3.	On December 15, 2016 the Debtor filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered.

4.	The Note and Mortgage provide that the Debtor and James A. Gates will be in default if the Debtor and James A. Gates do not make full payments on each due date.

5.	As of January 25, 2022, the Debtor and James A. Gates have failed to pay the last 21 post-petition payments due: 2 post-petition payments due May 1, 2020 through June 1, 2020 each in the amount of $1,899.09; 12 post-petition payments due July 1, 2020 through June 1, 2021 each in the amount of $1,909.35; 7 post-petition payments due July 1, 2021 through January 1, 2022 each in the amount of $1,903.88 and has not cured said default.

6.	A Relief from Stay Worksheet for Real Estate and Cooperative Apartments is attached hereto as Exhibit "B"

7.	As of January 25, 2022, there is an unpaid principal balance owed on the Note and Mortgage in the sum of $195,913.17*, with interest thereon in the amount of $17,886.99, plus escrow advances in the amount of $12,669.94 for an estimated amount owing the Secured Creditor in the amount of $226,329.56. Interest on the unpaid balance will continue to accrue, and to protect its secured interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance, and related matters. *$8,556.80 of this amount is deferred principal balance and the borrower does not pay interest or make monthly

103268-10

payments on this amount.

8. Accordingly, grounds exist to vacate the stay in the Debtor`s case and the Secured Creditor requests that the automatic stay imposed by Section 362(a) of the Bankruptcy Code be vacated for cause in accordance with Section 362(d) of the Bankruptcy Code to permit the Secured Creditor to pursue its rights under the Mortgage and applicable law, including without limitation.

9. Secured Creditor will account to the trustee for any surplus received as a result of its foreclosure of the Subject Property.

10. Secured Creditor respectfully requests that the automatic stay be vacated, that the Court permit the trustee to abandon the Subject Property.

11. That Secured Creditor hereby requests relief from the Automatic Stay pursuant to 11 U.S.C. §1301(c) as against James A. Gates.

12. Waiver of the stay invoked pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is sought so the Secured Creditor, its successors and/or assigns can immediately proceed with the foreclosure and/or eviction actions without further delay or economic haram.

13. A copy of the proposed Order granting relief is annexed hereto as Exhibit "C".

[This space left intentionally blank.]

103268-10

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order lifting and vacating the automatic stay to permit Secured Creditor to foreclose its Mortgage on the Subject Property and further relief as the Court deems just and proper.

DATED:    February 25, 2022
           Rochester, New York        /s/ Brittany J. Maxon, Esq.
                                             WOODS OVIATT GILMAN LLP
                                             Brittany J. Maxon, Esq.
                                             Attorneys for Secured Creditor
                                             500 Bausch & Lomb Place
                                             Rochester, NY 14604
                                             Telephone: 855-227-5072

**\*If the debtor has been negatively impacted by COVID-19, the debtor may contact Wells Fargo Home Mortgage to discuss a personalized solution at 1-800-274-7025. Written attorney consent may be required to speak directly with the debtor about these options.**

103268-10